**Teodora Rodriguez ANTUNEZ,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–72438.

Agency No. A76–354–776.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Teodora Rodriguez Antunez, San Martin, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM**

Teodora Rodriguez Antunez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review constitutional issues *de novo. See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Rodriguez Antunez's challenge to the BIA's final removal order entered on May 3, 2002, because petitioner did not timely petition for review of that order. *See* 8 U.S.C. § 1252(b); *Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1993).

We do not review the BIA's determination that Rodriguez Antunez's motion to reopen was not timely filed pursuant to 8 C.F.R. § 1003.2(c)(2)-(3), because Rodriguez Antunez did not challenge the BIA's order in her opening brief. *See Martinez–*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

Rodriguez Antunez contends that it violates equal protection to require Mexicans to prove exceptional and extremely unusual hardship to a qualifying relative when applicants from other countries are exempt from this requirement under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). This contention is foreclosed by this court's decisions in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002), and *Ram,* 243 F.3d at 517 (holding the decision to favor aliens from specific war-torn countries under NACARA must be upheld because it stems from a rational diplomatic decision to encourage such aliens to remain in the United States).

Rodriguez Antunez's equal protection challenge to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 as irrational is unpersuasive. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002) (noting that Congress must go through a natural line drawing process and holding that the establishment of deadlines serves a rational purpose).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**